## (September 19, 1972)

■ STANLEY FINGERHUT, Appellant, v. KRALYN ENTERPRISES, INC., Respondent.— Judgment, Supreme Court, New York County, entered on January 17, 1972, unanimously affirmed on the opinion of Lupiano, J., at Trial Term. Respondent shall recover of appellant $60 costs and disbursements of this appeal. No opinion. Concur — Stevens, P. J., McGivern, Markewich, Nunez and Kupferman, JJ.

■ EDITH GREENSTEIN et al., Appellants, v. IVY BARNES et al., Respondents. — Order and judgment (one paper), Supreme Court, Bronx County, entered on or about May 20, 1971, unanimously affirmed, without costs and without disbursements. The section 2590-j (subd. 4, par. [c]) of the Education Law, gives the power of appointment to the Community Board of those teachers assigned to the district by the Chancellor. The Chancellor, who is to give effect to specific requests insofar as practicable, concedes, in this instance, " the appointments must be deemed improper ". Concur — Markewich, J. P., Murphy, McNally, Steuer and Capozzoli, JJ.

## (September 21, 1972)

■ In the Matter of C. JAMES LOMBARDI, JR., Petitioner, v. BIRDIE AMSTERDAM et al., Respondents.— Application for writ in the nature of mandamus unanimously denied, cross motion granted, and petition dismissed, without costs and without disbursements. No opinion. Concur — McGivern, J. P., Murphy, Steuer, Tilzer and Capozzoli, JJ.

## (September 26, 1972)

■ ANTHONY MIRABELLA, Appellant, v. FIRST NATIONAL CITY BANK, Respondent.— Judgment, Supreme Court, New York County, entered on August 5, 1971, unanimously affirmed, on the opinion of Korn, J., and that the respondent recover of the appellant $60 costs and disbursements of this appeal. No opinion. Concur — McGivern, J. P., Murphy, Steuer, Tilzer and Capozzoli, JJ.

■ In the Matter of ARTHUR A. GROSSMAN, Respondent, and EDWARD P. WALLA et al., Intervenors v. J. LEE RANKIN, as Corporation Counsel of the City of New York, et al., Appellants.— Order, Supreme Court, New York County, entered on July 21, 1972, unanimously reversed, on the law and on the facts, without costs and without disbursements, and the application for a temporary injunction denied. The parties are directed to proceed to trial at the next available term of court following the publication of this determination. Plaintiffs have failed to show acts done in violation of their rights which would render any judgment ineffectual, or any acts in violation of such rights which cause injury to plaintiffs (CPLR 6301, 6312). They have not established a clear right to the relief sought. This action was commenced on or about June 4, 1970, and issue joined on or about August 6, 1970. It should long since have been concluded, at least at the trial stage. Since an earlier trial ended in a mistrial, the parties are directed to proceed to trial at the next available term of court following the publication of this determination. Concur — Stevens, P. J., McGivern, Nunez, Murphy and McNally, JJ.