*1089 OPINION OF THE COURT
George L. Jurow, J.
This court holds that in a sex abuse proceeding under Family Court Act article 10, the corroboration requirement in Family Court Act § 1046 (a) (vi) is satisfied when an 11-year-old child’s out-of-court statements naming her father as the abuser are corroborated by proof of the child’s pregnancy and subsequent abortion, and that there is no additional requirement of independent proof corroborating the identity of the father as the specific perpetrator.
The respondent is before this court charged with sexually abusing the child, Joli. The petition alleges that the respondent father, Antonio M., had abused the child (then between the ages of 10 and 11 years old) by having forcible sexual intercourse with her during a period of more than one year. As a consequence, the child became pregnant. The father denied these allegations. A fact-finding hearing was held pursuant to Family Court Act article 10.
The basic facts as determined at trial are as follows: On July 30, 1985, the child upon her admission to Long Island College Hospital was interviewed by a caseworker from the Department of Social Services. The caseworker testified that Joli was very upset and preferred to write a statement as to what had occurred. The child stated that her father had forced her to have sexual intercourse with him for the past year. If she protested she was beaten. Joli further stated that her father told her not to tell anyone. The caseworker further testified that she interviewed the child a second time on the day of discharge. Job’s second statement was entirely consistent with her prior written statement.
The other primary evidence introduced by the petitioner consisted of certified medical records from Long Island College Hospital. The medical records indicated that Job was admitted to the hospital on July 30, 1985 with a diagnosis of uterine pregnancy. Additionally, a first trimester therapeutic abortion was performed on August 3, 1985.
The respondent chose not to testify and rested without presenting any direct case.
Family Court Act § 1046 (a) (vi) provides in part that "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect.”
What constitutes sufficient corroboration has long been at *1090 issue in child protective proceedings. Family Court Act § 1012 (e) (iii) specifically provides that the corroboration requirements of the Penal Law relating to sex offenses ("[establish that an attempt was made to engage the victim in sexual intercourse, deviate sexual intercourse, or sexual contact, as the case may be, at the time of occurrence; and [b] [c]onnect the defendant with the commission of the offense or attempted offense.”)[2] shall not apply to child protective proceedings.
Notwithstanding the mandate of section 1012 (e) (iii), Family Courts State-wide have on occasion incorrectly applied the criminal standard of corroboration, requiring independent proof of the occurrence as well as the identity of the perpetrator, in article 10 proceedings. The result of this misapplication of the criminal corroboration standard has been the dismissal, in those instances, of sex abuse cases and cases of physical neglect and abuse. (See, Matter of Nicole S., 123 Misc 2d 364, 368, in which the court required "[t]he corroboration should extend to all of the material elements of the petition” including both the identity of the perpetrator and the manner in which the injuries were sustained; see also, Matter of Lydia K., 123 Misc 2d 41, in which the court stated that the corroboration by medical evidence was not enough and that corroboration must connect the respondent to the event.)
The misuse of the Penal Law standard of corroboration, in contravention of section 1012, works to undermine the express purpose of an article 10 proceeding, that being to protect children from being injured or mistreated (Family Ct Act § 1011).
The New York State Legislature, recognizing the need for clarification of the nature and the extent of the corroboration necessary in a child protective proceeding, added the following language to Family Court Act § 1046 (a) (vi) at its 1985-1986 regular session: "Any other evidence tending to support the reliability of the previous statements, including, but not limited to the types of evidence defined in this subdivision shall be sufficient corroboration. The testimony of the child shall not be necessary to make a fact-finding of abuse or neglect”. As stated in its supporting memorandum, the Legislature’s purpose in amending section 1046 (a) (vi) was to clarify, but not change, existing law necessitated by the erroneous appli *1091 cation of the criminal standard of corroboration in article 10 proceedings.
The trend in recent decisions has been to reject the criminal standard of corroboration in article 10 proceedings. In People v Smith (62 NY2d 306, 315) it was held that article 10 proceedings are civil in nature, the purpose being to protect children rather than having the punitive purpose of a criminal trial. Additionally, in Matter of Cindy JJ. (105 AD2d 189, 191) the criminal standard of corroboration was held to be inapplicable under Family Court Act § 1046 (a) (vi), the court noting that the "express purpose” of an article 10 proceeding is the protection of children. (See also, Matter of Michael G., 129 Misc 2d 186, rejecting criminal standard of corroboration; Matter of Michelle H., NYLJ, Oct. 30, 1984, p 15, col 1.)
Having determined that the criminal standard of corroboration is inappropriate in Family Court Act article 10 proceedings, the court must decide what type of corroboration standard would be applicable in child protective proceedings. In such proceedings, corroboration is required for the essential purpose of establishing the trustworthiness of the previous out-of-court statements. In Matter of Tara H. (129 Misc 2d 508, 514) the court in deciding what constitutes sufficient corroboration held that " '[additional evidence of a different character to confirm the same point * * * [s]uch * * * as tends to confirm and strengthen the testimony of the witness * * * such as tends to show its truth, or the probability of its truth’ ” would be appropriate. The standard of corroboration enunciated by the court in Matter of Michael G. (supra, at p 189) asks for "all evidence tending to prove that the act alleged by the child in his out-of-court statements was actually committed * * * enhances the reliability of the statement itself’ (emphasis added). Accordingly, it is this court’s view that once competent nonhearsay evidence has supported the credibility of a significant part of the out-of-court statement, consistent with the above criteria, the statement as a whole may be used as the basis for a finding.
In applying the above corroboration criteria to the facts of the instant case, the question is whether or not the fact of the child’s pregnancy and subsequent abortion is sufficient to corroborate the child’s out-of-court statements that the respondent had been sexually abusing her. Because the fact of the child’s pregnancy and subsequent abortion constitute competent nonhearsay evidence providing strong confirmation that acts of sexual abuse did in fact occur, such competent evidence *1092 in turn supports the credibility of the child’s entire statements naming her father as the sexual abuser. Since the requisite degree of corroboration to satisfy the Family Court Act § 1046 (a) (vi) standard has been provided, additional corroboration relating to the identity of the father as the specific perpetrator is not required.
The court recognizes that under the less stringent article 10 corroboration standard, there may be an increased risk of error as to the identity of the perpetrator. However, consistent with the civil nature of this proceeding, and its primary purpose of protecting children from abuse and neglect, if the court is to err, it should err on the side of protecting the child. The court will note that the risk of error as to the identity of the perpetrator may vary with the age and mobility of the subject child. For example, were the subject of this petition an older teenager, given the facts of the instant case, the issue of the sufficiency of the corroboration would be more troublesome. However, since the subject of this case was between 10 and 11 years old when the acts occurred, the court finds that sufficient corroboration exists notwithstanding some degree of inherent risk of a misidentification of the respondent.
In determining whether or not the petitioner has met its burden of proof in this article 10 proceeding, by a preponderance of the evidence, the court will note that the respondent father declined to testify. Where a party in a civil case has knowledge of facts material to the case, and fails without excuse to offer his testimony to deny and refute the evidence against him " 'every inference warranted by the evidence will be indulged against him.’ ” (Fingerhut v Kralyn Enters., 71 Misc 2d 846, 860, affd 40 AD2d 595; Matter of Association of Bar of City of N. Y. v Randel, 158 NY 216; see also, Matter of Lynch, 227 App Div 477.) The court may infer that had the respondent testified he would not have contradicted the proof offered by the petitioner as to the identity or acts. (Cf. Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141 [although respondent need not testify in a paternity proceeding, his failure to do so permits the trier of facts to draw the strongest inference against him that the opposing evidence in the record permits; see, Richardson, Evidence § 92 [Prince 10th ed 1973].)
Even were the court to have disregarded the fact of the respondent’s failure to testify, and draw no inferences whatsoever, the court still would find that petitioner has established its case by a preponderance of the credible evidence.
*1093 Therefore, the court finds Joli M. to be an abused child under Family Court Act § 1012 (e) (iii) in that the respondent, Antonio M., committed acts that would constitute rape in the first degree (Penal Law § 130.35) and sexual abuse in the first degree (Penal Law § 130.65).
The matter is adjourned for a dispositional hearing to be held on July 1, 1986 in Part 1, New York County.
The remand of the child is continued until that date.

. Penal Law § 130.16 (emphasis added). This section was last amended in 1984, limiting the corroboration requirement solely to cases in which lack of consent relates to the victim’s mental defect or mental incapacity.