91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The STARS' DESERT INN HOTEL AND COUNTRY CLUB, INC., Plaintiff-Appellee,
v.
Leslie MORGENSTERN, Defendant-Appellant.
 No. 95-15288, 95-15787.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 14, 1996.
Decided July 1, 1996.
 
 1
 Appeal from the United States District Court for the District of Nevada, No. CV-93-00454-LDG; Lloyd D. George, District Judge, Presiding.
 
 
 2
 D.Nev.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: SCHROEDER and HAWKINS, Circuit Judges, and FITZGERALD,* District Judge.
 
 
 5
 MEMORANDUM**
 
 
 6
 Nev.Rev.Stat. § 463.368(6)(a) provides in relevant part:
 
 
 7
 A patron's claim of having a mental or behavioral disorder involving gambling:
 
 
 8
 (a) Is not a defense in any action by a licensee or a person acting on behalf of a licensee to enforce a credit instrument or the debt that the credit instrument represents.
 
 
 9
 (b) Is not a valid counterclaim to such an action.
 
 
 10
 Defendant contends that § 463.368(6)(a) only precludes those diagnosed with a compulsive gambling disorder from defending on the ground that they are unable to control their behavior. Defendant's argument is supported by neither the plain language of the statute, nor its legislative history.
 
 
 11
 Under Nevada law, statutory language must be given its ordinary meaning. State v. Webster, 726 P.2d 831, 833 (Nev.1986).[1] We find that the ordinary meaning of a "mental disorder involving gambling" encompasses a disorder that causes an individual to gamble, whether an inability to control one's gambling is always a symptom of the disorder, is the only symptom of the disorder, or only occasionally is a symptom of the disorder. Under defendant's interpretation of § 463.368(6), an individual could escape liability for a gambling debt by contending "I suffer from a mental illness that caused me to gamble but I am not a compulsive gambler." Such a result is not consistent with the legislature's requirement that the mental illness simply "involve" gambling.
 
 
 12
 Moreover, the statute's legislative history supports this reading. A representative of the gaming industry, in remarks made to the legislature during consideration of the measure that became § 463.368, made it clear that the bill was aimed at individuals who seek to avoid liability by contending that they cannot control their gambling. In his answer, defendant admitted that he was unable to control his gambling.
 
 
 13
 Defendant attempts to demonstrate that manic-depression cannot be considered a disorder "involving gambling." The cases he relies upon to establish this point are not particularly helpful to his position. For example, in Fingerhut v. Kralyn Enterprises, Inc., 337 N.Y.S.2d 394, 399 (Sup.Ct.1971), aff'd, 335 N.Y.S.2d 926 (A.D.1972), the court explained that a manic depressive "cannot help himself against the compulsion which controls his actions and impairs rational judgment." As discussed, portions of the legislative history of § 463.369 suggest that the purpose of the statute is to preclude individuals from contending that they were unable to control their gambling.
 
 
 14
 Moreover, we agree that even if § 463.368(6)(a) is interpreted to abrogate only the defense of compulsive gambling, defendant's admission that he suffered from a mental disorder that prevented him from controlling his gambling is an admission that he suffered from compulsive gambling. Judge George perhaps put it best when he explained:
 
 
 15
 That manic depression will not always involve gambling does not require this court to overlook that Morgenstern's manic depression involved gambling. Neither is the court required to slight Morgenstern's gambling compulsion because his mental illness might also include non-gambling compulsions.
 
 
 16
 Finally, the district court did not err in awarding Desert Inn attorneys' fees where defendant agreed to pay costs and attorneys' fees incurred in the collection of the debt instruments because we do not believe that Nevada law recognizes manic-depressive illness as a defense under these circumstances.
 
 
 17
 AFFIRMED.
 
 
 
 *
 Honorable James M. Fitzgerald, Senior U.S. District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because at common law gambling debts are not enforceable, Sigel v. McEvoy, 707 P.2d 1145 (Nev.1985), and, therefore, § 463.368(6)(a) is not an abrogation of the common law but rather a modification of a legislative scheme, we need not strictly construe its scope as defendant contends